# IN THE UNITED STATES DISTRICT COURT

# FOR THE WESTERN DISTRICT OF VIRGINIA

# HARRISONBURG DIVISION

| | |
|---|---|
| THOMAS RICHARDS<br><br>*Plaintiff,*<br><br>v.<br><br>ROBERT KIRKMAN,<br>SKYBOUND ENTERTAINMENT, INC.,<br>(a Delaware corporation; )<br>IMAGE COMICS, INC.,<br>(a California corporation; );<br>SCOPELY, INC., (a Delaware corporation;<br>TELLTALE GAMES/LCG ENTERTAINMENT<br><br>*Defendants* | Case No. 5:25-cv-00089<br><br><br><br><br><br>Lisa Weingarten Richards, Esq.<br>VSB #96671<br>LWR Law Offices<br>3060 Williams Dr<br>Ste 300 #510<br>Fairfax, VA 22031<br>*Tel.:* (202) 981-2059<br>lwr@lwrlawoffices.com<br>*Counsel for plaintiff* |

**<u>PLAINTIFF'S MOTION TO DECLARE SERVICE VALID OR, IN THE ALTERNATIVE, FOR AUTHORIZATION OF ALTERNATIVE SERVICE OF PROCESS</u>**

TO THE HONORABLE COURT:

Plaintiff Thomas Richards, through Counsel, respectfully moves this Court to: (1) declare that service of process upon Defendant Robert Kirkman was properly effectuated on September 4, 2025, or in the alternative, (2) authorize alternative service of process. In support of this Motion, Plaintiff states as follows:

**BACKGROUND**

1. Prior to filing this action, Plaintiff anticipated that Defendant might be evasive and difficult to serve based on publicly available information about his litigation history and conduct. Accordingly, Plaintiff retained professional private investigator services to locate Defendant's current address and arranged for rush process service before even filing the Complaint.

2. On September 4, 2025, following the PI's investigation confirming the Encino address as Defendant's residence, Plaintiff properly served the Summons and Complaint upon Defendant Robert Kirkman at 4249 Empress Avenue, Encino, California 91436, by delivering the documents to Maureen Kirkman, who according to the process server, identified herself as "Robert Kirkman's mother" and stated that he "was not home." (Exhibit A - Process Server Affidavit).

3. Defendant's counsel subsequently claimed that service was improper because the address was allegedly "Mr. Kirkman's father's house" and not Defendant's residence.[1]

---

[1] Exhibit B - Email Exchange between Allen B. Grodsky and Plaintiff's counsel, Sept. 9-10, 2025.

4. Following this challenge to the service -- to avoid the 66+ day delay proposed by Defendant's counsel-- Plaintiff conducted additional investigation and on September 11, 2025, attempted a second rush service at a property owned by Defendant in Lexington, Kentucky. Defendant was not present at that address either, and the tenant, someone who "went to school with him", confirmed that Defendant owns the property and "gets sued a lot," but stated he was "currently out-of-town" that "he travels a lot." She would not provide any more information. This second failed service attempt confirms Defendant's pattern of evasion and confirms that the original California service was proper— Defendant was simply not at home at the moment of service in California as stated by Maureen, Defendant's mother.[2]  (Exhibit D - Private Investigator Report dated September 2- 11, 2025)

**ARGUMENT**

**I. SERVICE WAS PROPER UNDER FEDERAL RULE OF CIVIL PROCEDURE 4(e)(2)(B)**

The original service on September 4, 2025, satisfies the requirements of Fed. R. Civ. P. 4(e)(2)(B), which permits service by "leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there."

**A. The Encino Address is Defendant's Usual Place of Abode**

---

[2] This conclusion is further supported by public statements indicating Defendant and his family reside in California. *See* Exhibit C (Screenshot of Ashford Acres Inn website biography, https://www.ashfordacresinn.com/about#Team, captured September 12, 2025). The relevant information appears when hovering over Sonia Kirkman's biographical image.

The evidence establishes that 4249 Empress Avenue, Encino, California is Defendant's usual place of abode:

1. **Professional investigation** confirms this as Defendant's current address. Plaintiff's licensed private investigator conducted comprehensive skip tracing and concluded that "the subject's current address is the Empress Avenue address in Encino."[3]

2. **Process server's sworn affidavit** establishes that when asked for "Robert Kirkman," Maureen Kirkman identified herself as his mother and stated he was "not home"

3. **Language indicating residence**: Maureen's statement that Defendant was "not home" rather than "does not live here" confirms this is his residence

4. **No possibility of confusion**: Since Defendant's father is Carl Kirkman, there was no ambiguity about which "Robert" was being served

## B. Maureen Kirkman is a Person of Suitable Age and Discretion

Maureen Kirkman, as Defendant's stepmother, clearly qualifies as a person of "suitable age and discretion" under Rule 4(e)(2)(B). Courts consistently hold that adult family members satisfy this requirement.

## C. The Evidence Confirms Defendant's Evasive Conduct

Subsequent investigation reveals a pattern of deliberate evasion:

1. **Defendant uses complex corporate structures to obscure asset ownership and avoid service.** Professional investigation reveals that Defendant systematically uses "trusts and

---

[3] *See* Exhibit D (Private Investigator Report and communications confirming investigator's conclusion regarding Defendant's current address).

LLCs" to conceal ownership, "making it challenging to locate him." This deliberate obfuscation demonstrates the sophisticated methods Defendant employs to frustrate service of process. (Exhibit B)

2. **Defendant maintains multiple residences and travels frequently to avoid service, with a documented pattern of litigation avoidance.** When Plaintiff's investigator attempted service at Defendant's Kentucky property, the tenant—someone who "went to school with him"—confirmed that Defendant "travels a lot and is currently out-of-town" and "gets sued a lot," but "would not provide any more information" when pressed about his whereabouts. (Exhibit D)

3. **Defense counsel's immediate waiver offer suggests knowledge of proper service** while simultaneously proposing a 66+ day delay rather than simply accepting service.

## II. DEFENDANT'S WEALTH AND SOPHISTICATION SHOULD NOT DEFEAT PROPER SERVICE

Federal Rule 4(d) was designed to reduce litigation costs by allowing defendants to waive service in exchange for additional response time - a cooperative mechanism intended to benefit both parties. Here, Defendant seeks to weaponize this cooperative rule against Plaintiff after Plaintiff has already incurred substantial expenses through professional investigation and multiple service attempts necessitated by Defendant's evasive conduct. Allowing sophisticated defendants to force expensive service procedures while simultaneously offering dilatory waiver tactics perverts the rule's intended purpose and rewards the very behavior Rule 4 seeks to discourage.

Defendant's ability to structure his affairs to avoid service through multiple LLCs, trusts, and residences should not undermine the liberal construction Rule 4 requires when actual notice has been achieved. The Supreme Court has emphasized that where defendants receive "complete and timely notice of the lawsuit pending against them," technical service defects cannot defeat jurisdiction. *National Equipment Rental, Ltd. v. Szukhent*, 375 U.S. 35, 315 (1964). The Fourth Circuit has consistently held that Rule 4 should be "liberally construed to effectuate service and uphold the jurisdiction of the court, thus insuring the opportunity for a trial on the merits" when actual notice is received. *Karlsson v. Rabinowitz*, 318 F.2d 666, 668-69 (4th Cir. 1963). This principle remains vital in current Fourth Circuit jurisprudence: "when service of process gives the defendant actual notice of the pending action, courts may construe Rule 4 liberally to effectuate service and uphold jurisdiction." *Stanley v. Babu*, 448 F. Supp. 3d 497, 509 (D. Md. 2020).

Defendant clearly received actual notice of this lawsuit. Defense counsel's correspondence confirms complete knowledge of the case and repeatedly offers to cure any technical defects: "Nevertheless, if you send me a waiver of service form, I will arrange for it to be promptly executed by Mr. Kirkman" and "We remain willing to sign a waiver of service." See Exhibit B (Email Exchange between Allen B. Grodsky and Plaintiff's counsel, Sept. 9-10, 2025). These multiple offers to waive service demonstrate that actual notice was achieved and Defendant suffered no prejudice from the manner of service.

**Judicial efficiency strongly favors finding service valid when actual notice has been achieved.** Quashing service under these circumstances would waste judicial resources and reward dilatory tactics. As the Fourth Circuit noted in *Stanley v. Babu*, "quashing the First Affidavit of Service under these circumstances, … where … Defendant has full notice of the

claims against him, would cause unnecessary and undue delay and expense for the parties and the Court." 448 F. Supp. 3d at 510. Here, Defendant has already engaged counsel, reviewed the complaint, communicated substantively about the case, and twice offered to waive service. Plaintiff has spent many hours on the matter and hired investigative services both before and after the service in California. Requiring re-service or forcing Plaintiff to accept a waiver after this expenditure of time and money would accomplish nothing beyond delay while imposing additional costs on Plaintiff and the Court system. When the fundamental purpose of service—providing notice to enable meaningful participation in litigation—has been fully accomplished, technical objections should not derail proceedings that are ready to move forward on the merits.

## III. IN THE ALTERNATIVE, THE COURT SHOULD AUTHORIZE ALTERNATIVE SERVICE

If this Court finds the original service insufficient, federal courts possess authority to authorize alternative service methods when defendants engage in deliberate evasion. Courts recognize that defendants who evade service while having "actual notice of the litigation" should not be permitted to escape jurisdiction through sophisticated avoidance tactics. *See Timilon Corp. v. Empowerment Just. Ctr. Corp.*, 738 F. Supp. 3d 669, 682 (D. Md. 2024) (finding that defendants' "evasion of service" constituted bad faith conduct warranting judicial intervention).

Such relief is appropriate in circumstances like these where Defendant is deliberately evasive; traditional service is impracticable due to defendant's sophisticated avoidance methods; and actual notice has been achieved through defense counsel's engagement.

## IV. SERVICE BY EMAIL TO COUNSEL PROVIDES ADEQUATE NOTICE

In addition to Defense counsel already having seen the complaint and summons in the docket on PACER,[4] Plaintiff served this Motion and supporting documents on Defendant's counsel by email on September 12, 2025. This provides adequate alternative service given:

1. Defense counsel has already communicated regarding this matter

2. Electronic service ensures prompt actual notice

3. The purpose of service—providing notice—has been fully accomplished

**CONCLUSION**

**WHEREFORE, Plaintiff respectfully requests that this Court:**

1. **DECLARE** that service of process was properly effectuated on September 4, 2025, and that Defendant's response is due September 25, 2025;

2. **DENY** any request for waiver of service given Defendant's evasive conduct and the additional costs and delays Plaintiff has incurred;

3. **IN THE ALTERNATIVE**, if this Court finds the original service insufficient, authorize service by email to defense counsel (sent today, September 12, 2025) as adequate alternative service, with Defendant's response due twenty-one (21) days from the date of that emailed service; and

4. Grant such other relief as this Court deems just and proper.

**DATED:** September 12, 2025

Respectfully submitted,

---

[4] Exhibit B  - Email Exchange between Allen B. Grodsky and Plaintiff's counsel, Sept. 9-10, 2025.

/s/ Lisa Weingarten Richards

Lisa Weingarten Richards
LWR Law Offices
3060 Williams Dr
Ste 300 #510
Fairfax, VA 22031
Tel.: (202) 981-2059
lwr@lwrlawoffices.com
VSB #96671
*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 12, 2025, I served a true and correct copy of the foregoing Motion, together with the Summons and Complaint in this action, by email upon:

Allen B. Grodsky, Esq. agrodsky@leechtishman.com Attorney for Defendant Robert Kirkman

Defense counsel previously acknowledged seeing the Complaint on the Court's docket in his email dated September 9-10, 2025. (Exhibit B - Emails from Allen B. Grodsky dated September 9-10, 2025)

/s/ Lisa Weingarten Richards

Lisa Weingarten Richards