# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# Harrisonburg Division

| | |
|---|---|
| **THOMAS RICHARDS,** : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | Case No.: 5:25-cv-00089 |
| : | |
| **ROBERT KIRKMAN,** *et al.*, : | |
| : | |
| Defendants. : | |
| : | |

## DEFENDANTS ROBERT KIRKMAN, SKYBOUND ENTERTAINMENT, INC., AND SCOPELY, INC.'S MOTION TO EXTEND TIME TO RESPOND TO COMPLAINT

Defendants Robert Kirkman, Skybound Entertainment, Inc. ("Skybound"), and Scopely, Inc. ("Scopely") (together, the "Defendants"), by and through undersigned counsel, and pursuant to Fed. R. Civ. P. 6(b)(1)(A) and Local Rule 11(c)(2), respectfully move the Court to extend the deadline by which Defendants must respond to Plaintiff's Complaint (ECF No. 1) to Friday, October 31, 2025.  In support thereof, Defendants state as follows:

1. On September 4, 2025, Plaintiff filed his Complaint against Defendants in the United States District Court for the Western District of Virginia.  *Id.*  The Complaint is forty pages and contains 117 factual allegations against Defendants.  *See generally*, *id.*

2. Plaintiff has filed proof of service affidavits indicating that he served Mr. Kirkman on September 4, 2025 (ECF No. 5)[1]; Scopely on September 5, 2025 (ECF No. 6); and Skybound on September 8, 2025.  ECF No. 7.

---

[1] Mr. Kirkman disputes that Plaintiff's service of process is valid.  As outlined in the email correspondence attached by Plaintiff to her Motion at ECF No. 9-2, Mr. Kirkman does not reside at the Encino, CA address where Plaintiff attempted to serve him.  Plaintiff has thus not served Mr. Kirkman at his "residence or usual place of abode."  A separate Opposition will follow.

3. According to the proofs of service filed by Plaintiff, Mr. Kirkman must respond to the Complaint by September 25, 2025; Scopely by September 26, 2025; and Skybound by September 29, 2025.

4. On or about September 17, 2025, Mr. Kirkman and Skybound retained undersigned counsel.

5. On September 18, 2025, undersigned counsel emailed Plaintiff's counsel to request an extension of time up to and until Friday, October 31, 2025 for Mr. Kirkman and Skybound to respond to the Complaint.

6. Plaintiff's counsel did not respond to undersigned counsel's request.

7. On September 19, 2025, Scopely retained undersigned counsel.

8. On September 22, 2025, undersigned counsel informed Plaintiff's counsel that this firm was also representing Scopely, and requested that Plaintiff consent to an extension of Scopely's time to respond to the Complaint to October 31, 2025.

9. Plaintiff declined to consent.

10. Rule 6(b)(1)(A) states that the specified time for an act may be extended by the Court "for good cause shown . . . with or without motion if the court acts, or if a request is made, before the original time or its extension expires." The period of time originally prescribed for the filing of Defendants' responsive pleading has not expired, and thus this Court may extend the above-referenced deadline for good cause. *See* Fed. R. Civ. P. 6(b)(1)(A).

11. Good cause exists for the requested extension. As outlined above, the Complaint is voluminous. Plaintiff has requested damages in excess of $25,000,000, along with novel injunctive relief. Defendants require the requested extension to fully analyze the allegations and merits of Plaintiff's Complaint and to determine whether there exists a path to early resolution.

The Court has not issued a scheduling order, so no other dates will be affected by the proposed extension. Defendants have shown good cause justifying the requested relief, and the extension will not cause undue delay.

12.     Defendants waive oral argument and respectfully request that the Court decide the Motion without a hearing.

WHEREFORE, Defendants Robert Kirkman, Skybound Entertainment, Inc., and Scopely, Inc. respectfully request that the Court enter an Order extending the time for Defendants to answer or otherwise respond to Plaintiffs' Complaint from to and including October 31, 2025.

DATED:     September 22, 2025.                    Respectfully submitted,

                                                  */s/     Patrick J. Curran Jr*
                                                  Patrick J. Curran Jr. (VSB #86144)
                                                  Alison Schary (VSB # 101411) (application to be admitted to W.D. Va. forthcoming)
                                                  DAVIS WRIGHT TREMAINE LLP
                                                  1301 K Street, NW
                                                  Suite 500 East
                                                  Washington, DC 20005
                                                  (202) 973-4200
                                                  patcurran@dwt.com
                                                  alisonschary@dwt.com

                                                  *Counsel for Defendants Robert Kirkman, Skybound Entertainment, Inc., and Scopely, Inc.*

## CERTIFICATE OF SERVICE

I, Patrick J. Curran Jr., hereby certify that on September 22, 2025, a copy of the foregoing was served via this Court's ECF system on all counsel of record who have entered an appearance in this matter.

*/s/ Patrick J. Curran Jr.*
Patrick J. Curran Jr.