# IN THE UNITED STATES DISTRICT COURT

# FOR THE WESTERN DISTRICT OF VIRGINIA

# HARRISONBURG DIVISION

| | |
|---|---|
| THOMAS RICHARDS<br><br>*Plaintiff,*<br><br>v.<br><br>ROBERT KIRKMAN,<br>SKYBOUND ENTERTAINMENT, INC.,<br>(a Delaware corporation; )<br>IMAGE COMICS, INC.,<br>(a California corporation; );<br>SCOPELY, INC., (a Delaware corporation;<br>TELLTALE GAMES/LCG ENTERTAINMENT<br><br>*Defendants* | Case No. 5:25-cv-00089<br><br><br><br><br><br><br><br><br><br><br><br>Lisa Weingarten Richards, Esq.<br>VSB #96671<br>LWR Law Offices<br>3060 Williams Dr<br>Ste 300 #510<br>Fairfax, VA 22031<br>*Tel.:* (202) 981-2059<br>lwr@lwrlawoffices.com<br>*Counsel for plaintiff* |

**PLAINTIFF'S OPPOSITION TO DEFENDANTS ROBERT KIRKMAN, SKYBOUND ENTERTAINMENT, INC., AND SCOPELY, INC.'S MOTION TO EXTEND TIME TO RESPOND TO COMPLAINT**

Plaintiff opposes the extension request for the following reasons:

**1. DEFENDANTS MISCHARACTERIZE THEIR SEPTEMBER 18 COMMUNICATION**

Paragraph 5 of Defendants' motion states that on September 18, 2025, "undersigned counsel emailed Plaintiff's counsel to request an extension." This fundamentally misrepresents what actually occurred.

Defense counsel's September 18 email did not request an extension. The actual language was:

"We understand that there's a dispute over service on Mr. Kirkman and that you've filed a motion on the issue. In the interest of avoiding motions practice, we're willing to formally accept service for Mr. Kirkman **in exchange for** setting a joint deadline of Friday, October 31, for both Skybound and Mr. Kirkman to respond to the Complaint. If that's agreeable to you, we're more than happy to prepare a consent motion and order." (emphasis added)

(Exhibit A - September 18, 2025 email from Patrick J. Curran, Jr. to Lisa W. Richards)

This was an explicitly conditional proposal—a quid pro quo trading Plaintiff's service motion for extended deadlines, not a straightforward extension request. Plaintiff's counsel had no obligation to respond to a conditional negotiation proposal.

**Four days later, on September 22, 2025, defense counsel made an actual extension request.**
He asked: "I'm asking for your consent to extend the time for all three of my clients to respond to the Complaint to October 31." Plaintiff's counsel responded within one hour: "Pat, Plaintiff declines to consent." (Exhibit A).

**Defendants' motion mischaracterizes these communications.** Paragraph 5 claims defense counsel "requested an extension" on September 18—but that email made a conditional quid pro quo proposal. Paragraph 6 implies Plaintiff's counsel failed to respond to extension requests—but Plaintiff's counsel responded within one hour to the actual extension request made on September 22.

Similarly, when Image Comics counsel made a straightforward extension request on September 19, 2025, Plaintiff's counsel responded the same day declining to consent. (Exhibit B).

**The pattern is clear: Plaintiff's counsel responds promptly to actual extension requests.** Defendants' mischaracterization of the September 18 conditional proposal and omission of the September 22 response is misleading to this Court.

**2. DEFENDANTS' PATTERN OF EVASION AND PROCEDURAL GAMESMANSHIP**

**As previously detailed in Plaintiff's Motion to Declare Service Valid (ECF No. 9),** defense counsel has engaged in a consistent pattern of procedural obstruction rather than substantive engagement:

- **September 9**: First counsel (Grodsky) admitted seeing complaint on PACER, stated "I represent Robert Kirkman," disputed service and offered waiver with 60+ day delay instead of accepting service or providing actual address (ECF No. 9, Attachment 2)

- **September 12**: When Plaintiff served the motion, Complaint, and summons on Grodsky by email, he responded indignantly: "I have no idea why you served these documents on me. I haven't appeared in the case, and merely offered to facilitate the signing of a waiver of service." (Exhibit C) (See ECF 9, Attachment 2 for context). This attempted to have it

both ways—acting as counsel to dispute service while claiming no appearance to avoid receiving documents.

- **September 17-19**: Current counsel (Patrick Curran from Davis Wright Tremaine) retained by Kirkman, Skybound, and Scopely on these dates **according to their motion - but Defendants never communicated any of these retention dates to Plaintiff.** Plaintiff learned of these dates for the first time when reading Defendants' motion filed today.

- **September 18**: Curran's first communication to Plaintiff made quid pro quo proposal

- **September 22**: Curran filed motion mischaracterizing communications

**Neither counsel has ever provided Mr. Kirkman's actual address for service despite claiming the Encino address is improper.** The Encino address was identified through professional investigation and confirmed when the resident (Maureen Kirkman, who identified herself as "Robert Kirkman's mother") stated to the process server that he was "not home"—indicating residence rather than non-residence. Yet despite disputing this address for weeks, and obviously having the actual pleadings, defense counsels have never disclosed where Mr. Kirkman can actually be served. Both lawyers have followed the same playbook: dispute service without offering alternatives, propose deals that create delays, withhold basic information from opposing counsel while disclosing to the Court, claim they haven't "appeared" (neither entering an appearance in the docket) while actively representing clients, and engage in technical distinctions to avoid responsibility while seeking affirmative relief from this Court.

**3. THE TIMELINE DEMONSTRATES COORDINATED DELAY STRATEGY, NOT NECESSITY**

**The complete timeline (detailed in ECF No. 9) shows:**

- **September 4**: Service via Maureen Kirkman at Defendant's Encino residence.

- **September 8**: Proper service on Skybound Entertainment (undisputed) - **Kirkman had actual notice through his company**

- **September 9**: Grodsky emails admitting he saw complaint on PACER; disputes service but offers waiver creating 60+ day delay (ECF No. 9)

- **September 8-17**: **Nine days pass** with Defendant in possession of Complaint via actual notice through Skybound

- **September 17**: Davis Wright Tremaine retained by Kirkman and Skybound - **Plaintiff only learned this through today's filing**

- **September 18**: Curran makes quid pro quo proposal (mischaracterized as "extension request" in ECF No. 12)

- **September 19**: Scopely retains same counsel as Mr. Kirkman and Skybound.

- **September 22**: Defendants claim insufficient time to respond

**The pattern reveals strategic delay, not legitimate need:**

According to witness testimony, Kirkman "gets sued a lot" (ECF No. 9-Attachment 4). An experienced defendant with documented litigation history surely knows attorneys who could be retained promptly. Yet he waited **at least nine days after receiving actual notice** to retain counsel, then his lawyers spent their time on procedural obstruction (service disputes, quid pro quo proposals) rather than preparing substantive responses.

The conclusion is inescapable: Defendants are not seeking time to respond to a "voluminous" complaint. They are executing a coordinated strategy to maximize delay through procedural gamesmanship. A 40-page complaint with multiple defendants and causes of action is standard in federal litigation, not "voluminous." Major law firms like Davis Wright Tremaine routinely handle far more complex matters within standard deadlines. The claim that this complaint requires five additional weeks to respond to is not credible.

## 4. PLAINTIFF'S FORESIGHT ABOUT EVASION WAS UNFORTUNATELY PROVEN CORRECT

As detailed in ECF No. 9, Plaintiff anticipated Defendant might be evasive based on publicly available information about his litigation history. Accordingly, Plaintiff retained a private investigator **before even filing the Complaint** to locate Defendant's address and arranged for rush process service.

**This foresight proved necessary.** Defendant engaged in exactly the evasion Plaintiff anticipated:

- Multiple service attempts required across two states

- Use of complex corporate structures to obscure whereabouts

- Defense counsel's immediate disputes and delay tactics instead of accepting service

- Pattern of obstruction rather than substantive engagement

Despite Plaintiff's extraordinary efforts and expense to effect proper service, Defendants now seek additional time beyond standard deadlines. The Court should not reward the very evasive conduct Plaintiff took steps to overcome.

## 5. ALL DEFENDANTS RECEIVED PROPER SERVICE WITH ADEQUATE TIME

Defendants admit in their motion:

- Mr. Kirkman: September 4, 2025 service (Defendants dispute validity but actual notice achieved)
- Scopely: September 5, 2025 service (proper, undisputed)
- Skybound: September 8, 2025 service (proper, undisputed)

Additionally:

- Defense counsel Grodsky reviewed the Complaint on the court's docket no later than September 9, 2025.
- Defense counsel engaged substantively about the case in email communications
- These 3 defendants have had 12-18 days since service

**Federal Rule 12(a)(1)(A)(i) provides 21 days to respond.** All defendants have had or will have that time. Kirkman's response is due September 25; Scopely's September 26; Skybound's September 29.

## 6. NO GOOD CAUSE EXISTS FOR A 35+ DAY EXTENSION

Defendants claim (ECF No. 12, ¶11) that good cause exists because the Complaint is "voluminous" (40 pages, 117 allegations) and they need time to "fully analyze the allegations and merits" and "determine whether there exists a path to early resolution."

This does not constitute good cause when:

1. **Davis Wright Tremaine is a major national law firm** with substantial resources and experience handling far more complex cases

2. **Standard 21-day deadlines exist precisely for these circumstances** regardless of complaint length

3. **Defendants chose to spend their time on strategic negotiations** rather than preparing responses

4. **All defendants had actual notice many days ago** and could have been preparing responses

5. **No scheduling order exists yet** to be impacted, undermining any prejudice argument

Federal courts routinely expect sophisticated defendants represented by well-resourced law firms to meet standard deadlines. A 40-page complaint does not justify a five-week extension to October 31.

## 7. SERVICE EVASION SHOULD NOT BE REWARDED WITH ADDITIONAL DELAY

### A. Actual Notice Was Achieved Through Multiple Channels

The Supreme Court has emphasized that where defendants receive "complete and timely notice of the lawsuit pending against them," technical service defects cannot defeat jurisdiction. *National Equipment Rental, Ltd. v. Szukhent*, 375 U.S. 35, 315 (1964). The Fourth Circuit has consistently held that Rule 4 should be "liberally construed to effectuate service and uphold the jurisdiction of the court, thus insuring the opportunity for a trial on the merits" when actual notice is received. *Karlsson v. Rabinowitz*, 318 F.2d 666, 668-69 (4th Cir. 1963). This principle remains vital in current Fourth Circuit jurisprudence: "when service of process gives the

defendant actual notice of the pending action, courts may construe Rule 4 liberally to effectuate service and uphold jurisdiction." *Stanley v. Babu*, 448 F. Supp. 3d 497, 509 (D. Md. 2020).

Defendant Kirkman received actual notice by September 8, 2025 when Skybound Entertainment (where he is Chairman and co-founder) was properly served. Defense counsel Grodsky confirmed knowledge by September 9 (ECF No. 9). As *Stanley* noted, granting relief "where Defendant has full notice of the claims against him, would cause unnecessary and undue delay and expense for the parties and the Court." 448 F. Supp. 3d at 510.

Plaintiff expended substantial resources through PI investigation, multiple service attempts, and motion practice necessitated by Defendants' obstruction. Granting extensions would reward evasive conduct and waste judicial resources. When service's fundamental purpose—providing notice to enable meaningful participation—has been accomplished, procedural gamesmanship should not derail proceedings ready to move forward on the merits.

**When the fundamental purpose of service—providing notice to enable meaningful participation in litigation—has been fully accomplished, procedural gamesmanship should not derail proceedings that are ready to move forward on the merits.**

## CONCLUSION

Defendants had adequate notice, adequate time, and adequate resources to respond by their respective deadlines established under Federal Rule 12(a)(1)(A)(i):

- September 25, 2025 (Kirkman)

- September 26, 2025 (Scopely)

- September 29, 2025 (Skybound)

Their request for a 35+ day extension to October 31, 2025 is not supported by good cause. It rewards the very evasive conduct that necessitated Plaintiff's Motion to Declare Service Valid (ECF No. 9) and perpetuates the pattern of gamesmanship and lack of candor that has characterized their approach to this litigation.

The Court should deny the extension and require Defendants to respond within the timeframes established by the Federal Rules of Civil Procedure.

Respectfully submitted,

DATED: September 22, 2025

/s/ Lisa Weingarten Richards
Lisa Weingarten Richards
LWR Law Offices
3060 Williams Dr
Ste 300 #510
Fairfax, VA 22031
Tel.: (202) 981-2059
lwr@lwrlawoffices.com
VSB #96671
Counsel for Plaintiff

---

**CERTIFICATE OF SERVICE**

I hereby certify that on September 22, 2025, the foregoing Opposition was filed electronically via the Court's CM/ECF system. No defense counsel has entered an appearance in this case.

/s/ Lisa Weingarten Richards
Lisa Weingarten Richards