IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF VIRGINIA

HARRISONBURG DIVISION

THOMAS RICHARDS

*Plaintiff,*

v.

ROBERT KIRKMAN,
SKYBOUND ENTERTAINMENT, INC.,
(a Delaware corporation; )
IMAGE COMICS, INC.,
(a California corporation; );
SCOPELY, INC., (a Delaware corporation;
TELLTALE GAMES/LCG ENTERTAINMENT

*Defendants*

Case No. 5:25-cv-00089- JHY - JCH

Hon. Jasmine H. Yoon

Lisa Weingarten Richards, Esq.
VSB #96671
LWR Law Offices
3060 Williams Dr
Ste 300 #510
Fairfax, VA 22031
*Tel.:* (202) 981-2059
lwr@lwrlawoffices.com
*Counsel for plaintiff*

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STAY DISCOVERY**

Plaintiff Thomas Richards respectfully opposes Defendants' Motion to Stay Discovery.

# I. PLAINTIFF DOES NOT CONSENT TO THE REQUESTED STAY

As a threshold matter, Defendants assert that "Plaintiff's counsel did not respond" to their December 22, 2025 email seeking consent to this motion. Defs.' Mem. at 1 n.1. **This is not consent.**

Plaintiff's counsel was engaged in time-sensitive filings in other matters and did not have an opportunity to respond to Defendants' email within the one day before they filed this motion. Defendants cannot reasonably interpret silence -- particularly silence lasting less than 24 hours over a weekend before a major holiday -- as acquiescence to their request.

**Plaintiff does not consent to any stay of discovery.** This case turns on disputed questions of fact that require immediate discovery into evidence exclusively within Defendants' control.

# II. DISCOVERY IS ESSENTIAL TO RESOLVE DISPUTED FACTUAL ISSUES

## A. Intent Cannot Be Determined From the Pleadings

The central factual dispute is whether Mr. Kirkman intentionally named the villainous character after Plaintiff. This question cannot be resolved at the motion to dismiss stage.

Plaintiff has alleged extensive circumstantial evidence supporting intentional targeting: Mr. Kirkman's public admissions about naming villains after real people he dislikes, his documented aversion to creating last names, the specific tax fraud detail matching Plaintiff's documented history, Plaintiff's substantial online presence during character creation (2003-2005), and the statistical rarity of the full name "Thomas Richards."

But direct evidence of intent -- Mr. Kirkman's emails, notes, browser history, research, and communications during The Walking Dead's creation -- exists exclusively in Defendants' possession.

**Defendants' conspicuous failure to deny intent makes discovery essential.** In their initial motion to dismiss, Defendants conspicuously avoided addressing whether Mr. Kirkman targeted Plaintiff. Only after Plaintiff's opposition highlighted this damning silence did Defendants belatedly assert—buried in a footnote in their reply brief—that "Kirkman absolutely denies it as well." Defs.' Reply at 7 n.6.

But this belated assertion, made by counsel in a brief, is not evidence. It is attorney argument, not testimony under oath. If Mr. Kirkman can truthfully deny he ever heard of Plaintiff or intended to reference him, he should say so in a sworn declaration subject to penalty of perjury. Sophisticated counsel at Davis Wright Tremaine know how to draft such declarations. They have chosen not to provide one.

Attorney argument is not a substitute for evidence, and Defendants cannot avoid discovery by having counsel make factual assertions they refuse to have their client swear to under oath. This creates a disputed factual issue that requires discovery into Mr. Kirkman's contemporaneous communications, internet research, and knowledge during The Walking Dead's creation.

**B. Continuing Violations Require Fact Discovery**

Defendants argue all claims are time-barred based on the original 2004 publication. But Plaintiff alleges ongoing commercial exploitation within the limitations period through:

- New platform licensing (Netflix, Amazon Prime, Paramount+, mobile app stores)

- The Walking Dead: Road to Survival mobile game operation through November 2024

- Digital compendium reprints (2020-2024)

- Continued merchandise and promotional activities

Whether these constitute separate violations within the limitations period depends on facts in Defendants' exclusive control: When were licensing agreements executed? What commercial decisions were made post-2020? What revenue has been generated from which platforms? How are updates and new content deployed?

Plaintiff continues to receive Google Alerts documenting new instances of content featuring the "Thomas Richards" character. Compl. ¶ 103. These provide prima facie evidence of ongoing activity, but only discovery will reveal the commercial decisions behind that activity.

### C. Defendants Mischaracterize Factual Issues as "Legal Questions"

Defendants argue their motion raises only "threshold legal issues" making discovery unnecessary. This misstates the record.

**Their statute of limitations argument depends on facts:** Whether post-2020 licensing decisions constitute continuing violations is a fact-intensive inquiry, not a pure legal question.

**Their "of and concerning" argument depends on facts:** Whether Mr. Kirkman knew of Plaintiff when creating the character in 2003-2004 cannot be determined from the pleadings -- it requires discovery into his research, internet activity, and knowledge.

**Their First Amendment argument depends on facts:** Whether Mr. Kirkman's use constitutes protected creative expression or intentional commercial exploitation of a private figure's identity depends on his actual intent and knowledge -- factual questions.

## III. STANDARD DISCOVERY STAYS DO NOT APPLY HERE

While courts may stay discovery pending resolution of purely legal issues, that principle does not apply when:

1. **The defendant refuses to address the factual question.** Defendants argue only that "even if true, it's legal" while conspicuously avoiding whether it's true.

2. **Evidence is exclusively in defendant's control.** All evidence of intent, knowledge, and post-2020 commercial activity exists in Defendants' files.

3. **The case involves ongoing violations.** Unlike cases involving a single past publication, this case involves continuous commercial exploitation occurring within the limitations period.

4. **The defendant's conduct suggests concealment.** The absence of any denial, combined with Mr. Kirkman's public admissions about his targeting practice, suggests Defendants fear what discovery will reveal.

### A. Webb Does Not Address the Threshold Factual Question of Targeting

Defendants cite *Webb v. Virginian-Pilot Media Cos.*, 287 Va. 84 (2014) for the proposition that defamatory meaning is a pure question of law. But Webb addressed whether specific published statements could reasonably be interpreted as defamatory -- a question the court could resolve by reading the publication itself because there was no dispute the article was about the plaintiff.

Webb did not address the threshold factual question presented here: whether the character is "of and concerning" the plaintiff when intent to target is disputed. Under Virginia law, while "whether a statement is reasonably capable of defamatory meaning is a question of law," "if there

is doubt" whether "the plaintiff was the person defamed," then "the question is open of fact." *McCleary v. Keesling*, 29 Va. Cir. 523 (1990); see also Pendleton v. Newsome, 290 Va. 162 (2015) ("every fair inference must be resolved in the plaintiff's favor" when determining whether words are reasonably capable of the meaning ascribed by innuendo).

Here, there is clear doubt about whether the "Thomas Richards" character refers to Plaintiff:

Defendants refuse to provide any sworn denial of targeting

Kirkman's public admissions establish his practice of targeting real people

Specific identifying details (exact name + tax fraud connection) support targeting

Statistical rarity of the name combination

Plaintiff's online presence during character creation

Whether Kirkman knew of Plaintiff in 2003-2004, whether he researched Plaintiff online, whether he deliberately selected Plaintiff's name -- these are factual questions that require discovery into Kirkman's knowledge, research, and intent. The doubt about whether the character refers to Plaintiff makes this a factual issue that cannot be resolved at the pleading stage without discovery.

**B. None of Defendants' Cases Involved a Creator Who Refused to Deny Targeting**

Every case Defendants cite involved defendants who denied targeting the plaintiff or where intent was not disputed. None involved a creator who:

- Publicly admitted his practice of naming villains after real people he dislikes

- Provided specific examples (naming "The Governor" after his elementary school bully "Phillip")

- Refused to provide any sworn declaration denying targeting, offering only belated attorney argument in their reply brief

This factual posture is unprecedented and requires discovery.

## IV. JUDICIAL ECONOMY FAVORS DISCOVERY

Defendants argue staying discovery serves judicial economy. The opposite is true.

If discovery reveals that Mr. Kirkman knew of Plaintiff and deliberately selected his name -- as the circumstantial evidence suggests -- Defendants' entire motion to dismiss collapses. The statute of limitations analysis, "of and concerning" analysis, and First Amendment analysis all change when intentional targeting is proven.

Discovery will establish the core facts regarding Kirkman's knowledge and intent, which are essential to all issues in this case including statute of limitations (continuing violations), "of and concerning" analysis, and the applicability of First Amendment protections.

**Staying discovery merely delays the inevitable while Plaintiff continues to suffer ongoing harm** from commercial exploitation of his name and interference with his religious ministry.

## V. LCG'S JURISDICTIONAL CHALLENGE DOES NOT JUSTIFY BLANKET STAY

LCG argues it should not participate in discovery while its personal jurisdiction challenge is pending. Even if that argument has merit **for LCG**, it provides no basis to stay discovery against Defendants Kirkman, Skybound, Scopely, and Image Comics, none of whom have challenged this Court's jurisdiction.

If the Court finds merit in LCG's position, the appropriate remedy is **limited relief for LCG only**, not a blanket stay affecting all parties.

**CONCLUSION**

Defendants ask this Court to resolve disputed questions of fact without allowing any discovery into evidence exclusively in their possession. They conspicuously refuse to deny the central allegation of intentional targeting -- a denial that would be dispositive if true -- while arguing the allegation doesn't matter legally. And they mischaracterize fact-intensive inquiries (intent, knowledge, post-2020 commercial activity) as pure questions of law.

The Court should deny the motion to stay discovery. At minimum, any stay should be limited to Defendant LCG pending resolution of its jurisdictional challenge, with discovery proceeding against all other Defendants.

Respectfully submitted,

December 26, 2025

**/s/ Lisa Weingarten Richards**
Lisa Weingarten Richards, Esq.
VSB #96671
LWR Law Offices
3060 Williams Drive, Suite 300, #510
Fairfax, Virginia 22031
Tel.: (202) 981-2059
lwr@lwrlawoffices.com
*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 26, 2025, a true and correct copy of the foregoing PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STAY DISCOVERY was

electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

**/s/ Lisa Weingarten Richards**

Lisa Weingarten Richards, Esq.